CLAYTON, Respondent, vs. BROWN, Appellant,

(199 N. W. 125.)

(File No. 5145. Opinion filed May 28, 1924.)

1. **Appeal and Error—Findings—Trial Court's Findings Not Disturbed Unless Against Preponderance of Evidence.**

Findings of trial court are presumed correct, and will not be disturbed unless clearly against preponderance of evidence.

2. **Statute of Frauds—Contracts—Part Performance of Contract for Construction of Party Wall Held Sufficient to Take It from Statute**

Driving of nails into an already existing wall belonging to plaintiff, and attaching of flashings to plaintiff's wall, held such part performance of the agreement for the construction of party wall as to take it from under the statute and entitle plaintiff to recover an agreed compensation.

Appeal from Circuit Court, Walworth County; HON. J. H. BOTTOM, Judge.

Action by J. E. Clayton against A. H. Brown. From judgment for plaintiff and order denying new trial, defendant appeals. Judgment and order affirmed.

*W. M. Potts,* of Mobridge for Appellant.

*J. E. Clayton,* of Mobridge, for Respondent.

(2) To point two of the opinion, Appellant cited: Geiger v. McMahon, 31 S. D. 95, 139 N. W. 958, 27 L. R. A. (N. S.) 226; 25 R. C. L. 558, Sec. 152; Spawn v. S. D. Cent. Ry. Co., 26 S. D. 1, 127 N. W. 648; Fidler, v. Norton, 4 Dak. 258, 30 N. W. 128.

DILLON, J. Plaintiff is the owner of lot 9, block 3, of the city of Mobridge, together with the two-story brick building thereon. Defendant is the owner of lot 10, with the one-story building thereon, which abuts upon lot 9. In September, 1919, plaintiff and defendant entered into an oral agreement whereby defendant was to erect a brick and tile building on the lot line. Said wall was to be one story in height extending toward the rear of said lot, and be 8 inches on lot 9 and 4 inches on lot 10; said wall to be erected and completed at the cost of defendant and designated as a party wall. Defendant was to pay the reasonable value for the use of that portion of the brick wall on lot 9. Defendant proceeded to erect and construct a building on said lot 10, thereby making use of the wall of plaintiff's building by placing and bracing studding, joist, and other material against the south wall of plaintiff's building, driving nails therein, and attaching the flashing and roof against the wall of plaintiff's building, said flashing being nailed against and into plaintiff's wall, thereby giving defendant the use of plaintiff's wall, and the defendant is now using the wall without making any contribution or payment of money for such use. Said party wall has been completed in accordance with such agreement. Besides, the answer of appellant is not sufficient to raise the issue that the contract alleged in plaintiff's complaint was not to be performed within a year. The court made findings of fact and conclusions of law that plaintiff was entitled to recover the reasonable value of $250 for the use of said wall so constructed under such oral agreement, and entered judgment in favor of plaintiff for said sum. A

motion for a new trial was made and overruled, and this appeal is taken from the judgment and order overruling the motion for a new trial.

[1, 2]    The findings of the trial court are presumptively correct, and will not be disturbed unless there is a clear preponderance of the evidence against the findings    The trial judge had the opportunity of hearing the evidence at the trial and had opportunity of making a personal examination of the buildings and his conclusion thereon is entitled to great weight.    The evidence was sufficient to establish a valid existing contract partially executed and acted upon.    The contract entered into by the parties was substantially consummated and completed by the construction of the 20-foot extension, driving spike nails into 2x4's, and into plaintiff's wall, attaching flashings to plaintiff's wall throughout its entire length by means of nailing the same into the wall; by so doing, we think, there has been such part performance of this oral contract that it does not contravene the statute of frauds.

We have carefully reviewed the alleged errors on the admission and rejection of evidence, the motion to strike portions of the testimony, the ruling on the giving of opinions on the value of the work, on the cost of the construction work as bearing upon the reasonable value of use of such wall, and find no prejudicial errors on such rulings.    We have likewise reviewed the evidence, and conclude that the evidence is sufficient to warrant and sustain the findings of the court.

The judgment and order overruling the motion for new trial are affirmed.

Note.——Reported in 199 N. W. 125.    See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-Nos. 931(1), 1012(1), 4 C. J. Secs. 2722, 2863;  (2) Frauds, Statute of, Key-No. 129(3), 27 C. J. Sec. 434.

On Statute of Frauds, Rev. Code 1919, Sec. 856, see annotations Kerr's Cyc. Code, 1920, Civ. Code, Sec. 1941.